Matthew Miller, Esq. (CA Bar # 185741)
LAW OFFICES OF MATTHEW MILLER
755 Fresca Court
Solana Beach, CA 92075
Telephone:  (858) 755-6688
Facsimile:  (425) 962-7935
matt@millermlaw.com
Local Counsel for Plaintiff
Bianca Chandon, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA CHANDON, INC., | Civil Action No.: **2:18-cv-09058** |
| Plaintiff, | |
| | **COMPLAINT SEEKING DAMAGES, INJUNCTIVE RELIEF, AND JURY TRIAL DEMANDED** |
| v. | |
| ATELIER FASHION COMPANY, INC. | |
| Defendant. | |

The plaintiff, Bianca Chandon, Inc. ("BCI"), by and through its undersigned

attorneys, for its complaint against the defendant, alleges as follows:

### NATURE OF ACTION

1.     This is an action for trademark infringement and unfair competition

arising under the trademark and unfair competition laws of the United States,

specifically 15 U.S.C. § 1051 et. seq. (the "Lanham Act") and the laws of the

State of California.

1

**THE PARTIES**

2.     BCI is a corporation organized and existing under the laws of Delaware with its principal place of business located at 144 Bowery, New York, New York 10013.

3.     Defendant, Atelier Fashion Company, Inc. ("AFCI"), is a corporation organized and existing under the laws of California with its principal place of business located at 1330 Channing Street, Los Angeles, California 90021.

**JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1125.  This Court also has supplemental jurisdiction over BCI's claims that arise under the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5.     This Court has personal jurisdiction over the parties to this action because: (i) AFCI is located in this judicial district; (ii) BCI's claims arise in this judicial district; and (iii) each party does business in this judicial district.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (i) AFCI is located within this judicial district; (ii) BCI's claims arise in this judicial district; (iii) each party does substantial business in this judicial district; and (iv) many of the acts complained of herein have taken place in this judicial district.

## FACTS COMMON TO ALL COUNTS

### A. BCI's LOVER Mark

7.     BCI is a well-known and successful apparel company that manufactures and sells a popular line of t-shirts, sweatshirts, sweatpants and accessories under the trademark LOVER.

8.     Since at least as early as 2014, BCI has continuously utilized its LOVER mark in connection with its line of high-end streetwear focused clothing goods.

9.     BCI is the owner of the following United States Trademark Registration and pending Trademark Application for its LOVER mark:

- **LOVER**, Reg. No. 5,344,472, a registration in Class 25 for *shirts; sweatshirts; hooded sweatshirts; sweatpants*; and

- LOVER, Serial No. 88/079,995 , a pending application in Class 25 for  *shirts; sweatpants; sweatshirts; hooded sweatshirts* (based on use in commerce); as well as *beanies; belts; hats; jackets; jerseys; neckties; scarves; shorts; sweaters* (based on intent to use).

Printouts from the United States Patent & Trademark Office's Online Database of BCI's registration and pending application are attached hereto as **Exhibits A** and **B**.

10.     BCI's LOVER brand is a well-known and highly sought after line of streetwear focused apparel. BCI's LOVER brand is sold in some of the most

exclusive, trend-setting clothing boutiques in the United States, including Union in Los Angeles, Dover Street Market in New York City, and Supreme in both Los Angeles and New York City.  BCI's LOVER branded items are also sold at BCI's retail location in Los Angeles, via BCI's website and through well-known online retailers such as Ssense.com.

11.    BCI's clothing items have been worn publicly by many internationally famous celebrities, such as Frank Ocean (including in one of his music videos), Wiz Khalifa, Jonah Hill, Sofia Richie and Virgil Abloh. BCI's LOVER clothing items have also been featured in numerous print and online publications, including The New York Times, GQ, HighSnobiety.com, Hero Magazine, The Daily Mail (UK), Fader, Hypebeast.com and many others.

12.    BCI's highly sought after clothing items sold under the LOVER brand routinely sell out soon after they are released. BCI's LOVER t-shirts and sweatshirts are sold at high price points, ranging between $52 and $195.

13.    BCI's clothing items feature its LOVER mark positioned on the garments in a format that is consistent and instantly recognizable as being associated with BCI. For instance, BCI's sweatshirts depict the LOVER mark horizontally across the chest of the garment; while BCI's t-shirts depict the LOVER mark horizontally just above the pocket on the left side of the shirt; and BCI's sweatpants depict the mark vertically on the upper leg of the pants. Examples of BCI's use of its LOVER mark on clothing goods can be seen below:






14.   BCI has invested a substantial amount of time, money and other resources advertising, promoting, marketing and publicizing its goods provided under its LOVER mark.  As a result of BCI's substantial advertising, marketing and promotional efforts, the LOVER mark has acquired substantial consumer recognition and goodwill. The LOVER mark has become an important source indicator which identifies BCI's goods to consumers both in the State of California and elsewhere throughout the United States. For all of the foregoing reasons, the LOVER mark is an exceedingly valuable asset of BCI.

**B. AFCI'S Infringement**

15.  Subsequent to BCI's substantial use of its LOVER mark, and subsequent to BCI's LOVER mark acquiring public recognition as identifying and distinguishing BCI's goods from those of others, AFCI began using the virtually identical mark LOVERS in virtually the same format and placement to that utilized by BCI, in connection with the sale of identical high-end streetwear clothing goods that are sold to the same consumers and through the same high end streetwear trade channels. Screen shots from AFCI's website demonstrating AFCI's use of the virtually identical mark in connection with identical goods are attached hereto as **Exhibit C**.

16.  There is no question that AFCI's use of the mark LOVERS was copied and appropriated from BCI's well-known LOVER mark. AFCI is undeniably trading upon the tremendous goodwill associated with BCI's LOVER mark, which mark has become well known and associated with BCI. Not only has AFCI adopted the virtually identical mark LOVERS, but AFCI has also copied the look and feel of BCI's clothing goods and places its mark in a nearly identical manner on the garments. Depicted below are examples of AFCI's clothing goods that bear the confusingly similar LOVERS mark, copy the look and feel of BCI's goods and feature the virtually identical mark placement on the garments:






.

17.     AFCI's use of the virtually identical mark in connection with the sale and advertising of identical goods is likely to cause confusion, mistake or deception as to the source or origin of AFCI's goods. As a result of AFCI's use of the virtually identical mark in connection with the sale of identical goods, consumers are likely to believe that AFCI's goods are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to BCI. Moreover, the fact that AFCI has copied the look and feel of BCI's clothing goods and is placing the confusingly similar mark LOVERS on the garments in the same manner utilized by BCI further increases the chance that consumers will be confused.

18.     The acts of AFCI complained of hereinabove are unlawful, willful and knowingly performed with the intent and result of injuring BCI.

C.    **BCI's Notice To AFCI**

19.    On September 17, 2018, soon after BCI learned that Defendant was using the virtually identical mark LOVERS in connection with the sale of identical clothing goods, BCI sent AFCI a letter demanding that AFCI immediately cease and desist from any and all use of the infringing mark in connection with its goods.

20.    On September 25, 2018, BCI's counsel received a letter from AFCI's counsel wherein AFCI's counsel indicated that AFCI would not comply with BCI's demands (and misstated numerous key facts).

21.    AFCI has failed to comply with the demands set forth in BCI's demand letter and continues to utilize the infringing mark in connection with the sale of its goods, thereby leaving BCI with no other choice but to commence the instant lawsuit.

## COUNT I

## TRADEMARK INFRINGEMENT

22.    BCI repeats and realleges each and every allegation contained in Paragraphs 1-21 of the Complaint as though fully set forth herein.

23.    AFCI, through its conduct described above, is selling and/or has sold in interstate commerce goods under a mark that is a colorable imitation of BCI's registered LOVER mark, which is likely to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 32(1) (15 U.S.C. § 1114(1)).

24.     Upon information and belief, AFCI has committed such acts of infringement willfully and with full knowledge of BCI's prior use and registration of, and rights in and to, its LOVER trademark.

25.     As a result of AFCI's acts of infringement, BCI has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION UNDER SECTION 43(a)

### OF THE LANHAM ACT

26.     BCI repeats and realleges each and every allegation contained in Paragraphs 1-25 of the Complaint as though fully set forth herein.

27.     AFCI, through its conduct as described above, is selling and/or has sold goods under a colorable imitation of BCI's protectable LOVER mark, which is likely to cause confusion or mistake and/or to deceive in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

28.     AFCI has committed such acts of false designation of origin and false description and representation willfully and with full knowledge of BCI's prior use of, and rights in, its LOVER mark.

29.     As a result of AFCI's acts of unfair competition, BCI has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT III

## UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.

30.     BCI repeats and realleges each and every allegation contained in Paragraphs 1-29 of the Complaint as though fully set forth herein.

31.     Based on the allegations set forth above, AFCI's use of the virtually identical word "LOVERS," including but not limited to such use with knowledge of the history and use of the mark LOVER by BCI in connection with its business and products, for the purpose of offering goods and services for sale in interstate commerce, constitutes an unlawful, unfair, and/or fraudulent business practice as well as unfair deceptive, untrue and/or misleading advertising of the type proscribed by California Business and Professions Code section 17200, et seq.

32.     AFCI's acts have injured BCI's image, reputation and/or goodwill by creating confusion about and, on information and belief, dissatisfaction with, BCI's brand and its products and services over which BCI has no control.

33.     AFCI's acts have injured BCI's reputation and relations with current and prospective customers by causing a diminution of the value of goodwill associated with the LOVER mark and a resulting loss of business.

34.     AFCI's conduct as alleged herein is intentional, and with knowledge of its violation of BCI's rights in the LOVER mark. Unless enjoined, AFCI will continue to act as alleged herein, to BCI's actual and irreparable injury.

Compensation which would afford BCI adequate relief for AFCI's continuing acts cannot be readily ascertained or determined, and a multiplicity of judicial proceedings would be required. Therefore, BCI's remedies at law are not adequate to compensate it for all injuries caused by AFCI's conduct.

<u>**COUNT IV**</u>

**TRADEMARK INFRINGEMENT IN VIOLATION OF CALIFORNIA COMMON LAW**

35.    BCI repeats and realleges each and every allegation contained in Paragraphs 1-34 of the Complaint as though fully set forth herein.

36.    The mark LOVER is inherently distinctive and is uniquely associated with BCI's business. The mark has been protectable as a trademark immediately upon its use as a mark, commencing in at least as early as 2014 and continuing without interruption to the present.

37.    AFCI has used, and continues to use, the virtually identical word LOVERS in commerce in connection with the sale, offering for sale, distribution, and/or advertising of identical clothing goods, and purports to assert trademark rights in that word.

38.    AFCI's use of the virtually identical word "LOVERS" as alleged above is likely to cause confusion, mistake, or deception because it is using the virtually identical word to identify its own goods, which goods are identical to BCI's goods and sold via the same trade channels and to the same class of consumers.

39.     AFCI's use of the word "LOVERS" in connection with goods that are identical to BCI's goods to a degree that is sufficient to create a likelihood of confusion, mistake or deception as to the origin of, or sponsorship of, goods offered for sale in interstate commerce under AFCI's infringing use of the word "LOVERS," and is also likely to cause confusion, mistake, or deception as to the sponsorship or approval by BCI of products that BCI offers for sale under its LOVER mark.

40.     By reason of the acts alleged above, BCI has suffered, and will continue to suffer, damage to its business, reputation, and goodwill, in an amount to be proven at trial.

41.     AFCI's infringing use of the word "LOVERS" is intentional, and with knowledge of its violation of BCI's rights. Unless enjoined, AFCI will continue to act as alleged herein, to BCI's irreparable injury. Compensation which would afford BCI adequate relief for AFCI's continuing acts cannot be readily ascertained or determined, and a multiplicity of judicial proceedings would be required. Therefore, BCI's remedies at law are not adequate to compensate it for all injuries caused by AFCI's conduct.

# COUNT V

## UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA COMMON LAW

42.     BCI repeats and realleges each and every allegation contained in Paragraphs 1-41 of the Complaint as though fully set forth herein.

43.     AFCI's acts as alleged above, including but not limited to use of the word "LOVERS," have caused, or are likely to cause confusion, mistake or deception as to the sponsorship or approval of AFCI's products and/or services by BCI because current and prospective customers may believe that BCI authorizes, approves, licenses, or otherwise controls the provision of AFCI's products, and/or that AFCI is associated with or related to BCI.

44.     AFCI's acts have injured, or are likely to injure, BCI's image, reputation and/or goodwill by creating confusion about, and, on information and belief, dissatisfaction with, BCI's products and services over which BCI has no control.

45.     AFCI's acts have injured, or are likely to injure, BCI's reputation and relations with current and prospective customers by causing a diminution of the value of goodwill associated with the LOVER mark, and a resulting loss of business.

46.     AFCI's use of the virtually identical word "LOVERS" is a knowing, willful, deliberate and intentional effort to trade on the goodwill associated with the

mark LOVER as it has been used in commerce since 2014, and to deceive, confuse, and/or interfere with BCI's relationships with its current and prospective customers.

47.    AFCI's use of the virtually identical word "LOVERS" is intentional, and with knowledge of its violation of BCI's rights. Unless enjoined, AFCI will continue to act as alleged herein, to BCI's irreparable injury. Compensation which would afford BCI adequate relief for AFCI's continuing acts cannot be readily ascertained or determined, and a multiplicity of judicial proceedings would be required. Therefore, BCI's remedies at law are not adequate to compensate it for all injuries caused by AFCI's conduct.

**WHEREFORE**, BCI respectfully requests judgment in its favor and against AFCI as follows:

1.    That AFCI, and its officers, agents, servants, distributors, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with AFCI, and each of them, be permanently enjoined and restrained from, directly or indirectly:

(a)    Using BCI's LOVER mark, the confusingly similar LOVERS mark, or any other marks or source indicators confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the manufacture, distribution, sale, advertising, marketing and promotion of clothing goods or any other good;

(b) Using in any other way any other marks or designations so similar to BCI's LOVER trademark as to be likely to cause confusion, mistake or deception.

(c) Falsely designating the origin, sponsorship, or affiliation of BCI in any manner;

(d) Using any words, names, styles, designs, titles, designations, trade dress or marks which create a likelihood of injury to the business reputation of BCI or BCI's LOVER mark and the goodwill associated therewith;

(e) Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure BCI's business and goodwill pertaining thereto;

2. That AFCI be required to pay to BCI actual and compensatory damages in an amount to be determined at trial for the injuries sustained by BCI in consequence of the unlawful acts alleged herein, including three times the amount found as actual damages in accordance with 15 U.S.C. § 1117(a).

3. That AFCI be required to pay to BCI punitive damages in an amount to be determined at trial.

4. That AFCI be required to account for and pay over to BCI all gains, profits and advantages derived by them from the unlawful activities alleged herein.

5. That AFCI be required to deliver up for destruction all products, including but not limited to all packaging, signs, advertisements, brochures,

1  promotional materials, labels, stickers and any other written materials that bear the

2  LOVERS mark, together with all plates, molds, matrices and other means and

3  materials for making or reproducing the same.

4        6.    That AFCI be required to pay to BCI all of its litigation expenses,

5  including, but not limited to, reasonable attorney's fees and the costs of this action.

6        7.    That BCI be awarded such other and further relief as the Court may

7  deem just and proper.

Respectfully submitted:

Dated: October 22, 2018     /s/ Matthew Miller
Matthew Miller, Esq. (CA Bar # 185741)
LAW OFFICES OF MATTHEW MILLER
755 Fresca Court
Solana Beach, CA 92075
Telephone: (858) 755-6688
Facsimile: (425) 962-7935
matt@millermlaw.com
*Local Counsel for Plaintiff*
*Bianca Chandon, Inc.*

Ronald L. Israel, Esq.
Abigail J. Remore, Esq.
*(Pro Hac Vice Applications to be submitted)*
CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-1500
Facsimile: (973) 530-1501
risrael@csglaw.com
ajremore@csglaw.com
*Attorneys for Plaintiff*
*Bianca Chandon, Inc.*

16

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury.

Respectfully submitted:

Dated: October 22, 2018

/s/ Matthew Miller
Matthew Miller, Esq. (CA Bar # 185741)
LAW OFFICES OF MATTHEW MILLER
755 Fresca Court
Solana Beach, CA 92075
Telephone:  (858) 755-6688
Facsimile:  (425) 962-7935
matt@millermlaw.com
*Local Counsel for Plaintiff*
*Bianca Chandon, Inc.*

Ronald L. Israel, Esq.
Abigail J. Remore, Esq.
*(Pro Hac Vice Applications to be submitted)*
CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
Telephone:  (973) 530-1500
Facsimile:  (973) 530-1501
risrael@csglaw.com
ajremore@csglaw.com
*Attorneys for Plaintiff*
*Bianca Chandon, Inc.*

# EXHIBIT A

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Tue Oct 16 05:21:01 EDT 2018

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout   Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOVER

| | |
|---|---|
| **Word Mark** | LOVER |
| **Goods and Services** | IC 025. US 022 039. G & S: Shirts; Sweatshirts; Hooded sweatshirts; Sweatpants. FIRST USE: 20140214. FIRST USE IN COMMERCE: 20140214 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 87229853 |
| **Filing Date** | November 8, 2016 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A;1B |
| **Published for Opposition** | September 12, 2017 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 5344472 |
| **International Registration Number** | 1365492 |
| **Registration Date** | November 28, 2017 |
| **Owner** | (REGISTRANT) Bianca Chandon, Inc. CORPORATION DELAWARE 144 Bowery New York NEW YORK 10013 |
| **Attorney of Record** | Matthew Miller |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the word "LOVER" in a stylized font. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Generated on: This page was generated by TSDR on 2018-10-16 12:29:00 EDT

Mark: LOVER

# LOVER

| | | | |
|---|---|---|---|
| US Serial Number: | 87229853 | Application Filing Date: | Nov. 08, 2016 |
| US Registration Number: | 5344472 | Registration Date: | Nov. 28, 2017 |
| Filed as TEAS Plus: | Yes | Currently TEAS Plus: | Yes |
| Register: | Principal | | |
| Mark Type: | Trademark | | |
| Status: | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| Status Date: | Nov. 28, 2017 | | |
| Publication Date: | Sep. 12, 2017 | | |

## Mark Information

| | |
|---|---|
| Mark Literal Elements: | LOVER |
| Standard Character Claim: | No |
| Mark Drawing Type: | 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM |
| Description of Mark: | The mark consists of the word "LOVER" in a stylized font. |
| Color(s) Claimed: | Color is not claimed as a feature of the mark. |

## Related Properties Information

| | |
|---|---|
| International Registration Number: | 1365492 |
| International Application(s) /Registration(s) Based on this Property: | A0066398/1365492 |

## Goods and Services

Note: The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| For: | Shirts; Sweatshirts; Hooded sweatshirts; Sweatpants | | |
| International Class(es): | 025 - Primary Class | U.S Class(es): | 022, 039 |
| Class Status: | ACTIVE | | |
| Basis: | 1(a) | | |
| First Use: | Feb. 14, 2014 | Use in Commerce: | Feb. 14, 2014 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| Filed Use: | Yes | Currently Use: | Yes | Amended Use: | No |
| Filed ITU: | Yes | Currently ITU: | No | Amended ITU: | No |

**Exhibit A**

19

| Filed 44D: No | Currently 44D: No | Amended 44D: No |
|---|---|---|
| Filed 44E: No | Currently 44E: No | Amended 44E: No |
| Filed 66A: No | Currently 66A: No | |
| Filed No Basis: No | Currently No Basis: No | |

## Current Owner(s) Information

| | |
|---|---|
| Owner Name: | Bianca Chandon, Inc. |
| Owner Address: | 144 Bowery<br>New York, NEW YORK 10013<br>UNITED STATES |
| Legal Entity Type: | CORPORATION |

State or Country DELAWARE
Where Organized:

## Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| Attorney Name: | Matthew Miller |
| Attorney Primary Email Address: | matt@millerlaw.com |

Attorney Email Yes
Authorized:

**Correspondent**

| | |
|---|---|
| Correspondent Name/Address: | MATTHEW MILLER<br>LAW OFFICES OF MATTHEW MILLER<br>755 FRESCA CT.<br>SOLANA BEACH, CALIFORNIA 92075<br>UNITED STATES |
| Phone: | 8587556688 |
| Correspondent e-mail: | matt@millerlaw.com |

Correspondent e- Yes
mail Authorized:

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 09, 2018 | OTQR WITHDRAWAL FROM PUBLICATION | 70853 |
| Sep. 07, 2018 | CERTIFICATE OF CORRECTION ISSUED | 67723 |
| Sep. 06, 2018 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 67723 |
| Aug. 20, 2018 | TEAS SECTION 7 REQUEST RECEIVED | |
| Nov. 28, 2017 | REGISTERED-PRINCIPAL REGISTER | |
| Oct. 30, 2017 | CHANGES/CORRECTIONS AFTER PUB APPROVAL ENTERED | 66600 |
| Oct. 27, 2017 | ASSIGNED TO PETITION STAFF | 66600 |
| Oct. 20, 2017 | TEAS POST PUBLICATION AMENDMENT RECEIVED | 1111 |
| Sep. 12, 2017 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Sep. 12, 2017 | PUBLISHED FOR OPPOSITION | |
| Aug. 23, 2017 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jul. 28, 2017 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 11, 2017 | NOTICE OF ACCEPTANCE OF AMENDMENT TO ALLEGE USE E-MAILED | |
| Jul. 10, 2017 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Jul. 10, 2017 | NON-FINAL ACTION E-MAILED | 6325 |
| Jul. 10, 2017 | NON-FINAL ACTION WRITTEN | 76502 |
| Jul. 10, 2017 | USE AMENDMENT ACCEPTED | 76502 |
| Jun. 15, 2017 | AMENDMENT TO USE PROCESSING COMPLETE | 88889 |
| Jun. 15, 2017 | USE AMENDMENT FILED | 88889 |
| Jun. 14, 2017 | TEAS AMENDMENT OF USE RECEIVED | |
| Apr. 03, 2017 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Apr. 03, 2017 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Apr. 03, 2017 | SUSPENSION LETTER WRITTEN | 76502 |
| Mar. 17, 2017 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |

**Exhibit A**

| | | |
|---|---|---|
| Mar. 16, 2017 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Mar. 16, 2017 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Feb. 21, 2017 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 21, 2017 | NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 21, 2017 | NON-FINAL ACTION WRITTEN | 76502 |
| Feb. 14, 2017 | ASSIGNED TO EXAMINER | 76502 |
| Nov. 14, 2016 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Nov. 11, 2016 | NEW APPLICATION ENTERED IN TRAM | |

## Maintenance Filings or Post Registration Information

**Change in Registration:** Yes

**Correction made to Registration:** In the statement, Column 1, line 5,"first use and in commerce date 2/14/2017" should be deleted, and first use and in commerce date 02/14/2014 should be inserted.

## TM Staff and Location Information

| TM Staff Information - None |
|---|
| **File Location** |
| Current Location: TMEG LAW OFFICE 103     Date in Location: Sep. 07, 2018 |

## Proceedings

| Summary |
|---|

**Number of Proceedings:** 2

| Type of Proceeding: Opposition |
|---|

**Proceeding Number:** 91243131     **Filing Date:** Aug 20, 2018

**Status:** Terminated     **Status Date:** Oct 11, 2018

**Interlocutory Attorney:** ELIZABETH A DUNN

| Defendant |
|---|

**Name:** Samuel J. Morris

**Correspondent Address:** MATHEW A HOMYK
BLANK ROME LLP
ONE LOGAN SQUARE
PHILADELPHIA PA , 19103
UNITED STATES

**Correspondent e-mail:** mhomyk@blankrome.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| LOVERX | Abandoned - After Inter-Partes Decision | 87235061 | |

| Plaintiff(s) |
|---|

**Name:** Bianca Chandon, Inc.

**Correspondent Address:** MATTHEW MILLER
LAW OFFICES OF MATTHEW MILLER
755 FRESCA COURT
SOLANA BEACH CA , 92075
UNITED STATES

**Correspondent e-mail:** matt@millermlaw.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| LOVER | Registered | 87229853 | 5344472 |

| Prosecution History |
|---|

**Exhibit A**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | Aug 20, 2018 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Aug 20, 2018 | Sep 29, 2018 |
| 3 | PENDING, INSTITUTED | Aug 20, 2018 | |
| 4 | W/DRAW OF APPLICATION | Oct 01, 2018 | |
| 5 | BD DECISION: OPP SUSTAINED | Oct 11, 2018 | |
| 6 | TERMINATED | Oct 11, 2018 | |

### Type of Proceeding: Cancellation

| | |
|---|---|
| Proceeding Number: | 92065641 |
| Filing Date: | Mar 16, 2017 |
| Status: | Terminated |
| Status Date: | Jun 30, 2017 |
| Interlocutory Attorney: | GEOFFREY MCNUTT |

### Defendant

| | |
|---|---|
| Name: | John J Halloran |
| Correspondent Address: | JOHN J HALLORAN #801-3632, 3824 CEDAR SPRINGS ROAD DALLAS TX , 75219 UNITED STATES |
| Correspondent e-mail: | johnjhalloran@gmail.com , janet-vill@certfiedgoldexchange.com |

#### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| LOVER BRAND | Cancelled - Section 18 | 86336182 | 4867857 |

### Plaintiff(s)

| | |
|---|---|
| Name: | Bianca Chandon, Inc. |
| Correspondent Address: | MATTHEW MILLER LAW OFFICES OF MATTHEW MILLER 755 FRESCA CT SOLANA BEACH CA , 92075 UNITED STATES |
| Correspondent e-mail: | matt@millermlaw.com |

#### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| LOVER | Registered | 87229653 | 5344472 |

### Prosecution History

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | Mar 16, 2017 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Mar 21, 2017 | Apr 30, 2017 |
| 3 | PENDING, INSTITUTED | Mar 21, 2017 | |
| 4 | NOTICE OF DEFAULT | May 10, 2017 | |
| 5 | BD DECISION: GRANTED | Jun 22, 2017 | |
| 6 | COMMR ORDER CANCELLING REG | Jun 30, 2017 | |
| 7 | TERMINATED | Jun 30, 2017 | |

**Exhibit A**

22

# EXHIBIT B

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 16 05:21:01 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOVER

| Word Mark | LOVER |
|---|---|
| Goods and Services | IC 025. US 022 039. G & S: (Based on Use in Commerce) Shirts; Sweatpants; Sweatshirts; Hooded sweatshirts(Based on Intent to Use) Beanies; Belts; Hats; Jackets; Jerseys; Neckties; Scarves; Shorts; Sweaters. FIRST USE: 20140214. FIRST USE IN COMMERCE: 20140214 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 88079995 |
| Filing Date | August 15, 2018 |
| Current Basis | 1A;1B |
| Original Filing Basis | 1A;1B |
| Owner | (APPLICANT) Bianca Chandon, Inc. CORPORATION DELAWARE 144 Bowery New York CALIFORNIA 10013 |
| Attorney of Record | Matthew Miller |
| Prior Registrations | 5344472 |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | Top | HELP |

| | |
|---|---|
| Generated on: | This page was generated by TSDR on 2018-10-16 12:38:24 EDT |
| Mark: | LOVER |

## LOVER

| | | | |
|---|---|---|---|
| US Serial Number: | 88079995 | Application Filing Date: | Aug. 15, 2018 |
| Filed as TEAS Plus: | Yes | Currently TEAS Plus: | Yes |
| Register: | Principal | | |
| Mark Type: | Trademark | | |
| Status: | New application will be assigned to an examining attorney approximately 3 months after filing date. | | |
| Status Date: | Aug. 24, 2018 | | |

## Mark Information

| | |
|---|---|
| Mark Literal Elements: | LOVER |
| Standard Character Claim: | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| Mark Drawing Type: | 4 - STANDARD CHARACTER MARK |

## Related Properties Information

| | |
|---|---|
| Claimed Ownership of US Registrations: | 5344472 |

## Goods and Services

Note: The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| For: | (Based on Use in Commerce) Shirts; Sweatpants; Sweatshirts; Hooded sweatshirts(Based on Intent to Use) Beanies; Belts; Hats; Jackets; Jerseys; Neckties; Scarves; Shorts; Sweaters | | |
| International Class(es): | 025 - Primary Class | U.S Class(es): | 022, 039 |
| Class Status: | ACTIVE | | |
| Basis: | 1(a) 1(b) | | |
| First Use: | Feb. 14, 2014 | Use in Commerce: | Feb. 14, 2014 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| Filed Use: | Yes | Currently Use: | Yes | Amended Use: | No |
| Filed ITU: | Yes | Currently ITU: | Yes | Amended ITU: | No |
| Filed 44D: | No | Currently 44D: | No | Amended 44D: | No |
| Filed 44E: | No | Currently 44E: | No | Amended 44E: | No |
| Filed 66A: | No | Currently 66A: | No | | |
| Filed No Basis: | No | Currently No Basis: | No | | |

## Current Owner(s) Information

| | |
|---|---|
| Owner Name: | Bianca Chandon, Inc. |

**Exhibit B**

24

| | |
|---|---|
| **Owner Address:** | 144 Bowery<br>New York, CALIFORNIA 10013<br>UNITED STATES |
| **Legal Entity Type:** CORPORATION | **State or Country** DELAWARE<br>**Where Organized:** |

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** Matthew Miller | |
| **Attorney Primary** matt@millermlaw.com<br>**Email Address:** | **Attorney Email** Yes<br>**Authorized:** |

### Correspondent

| | |
|---|---|
| **Correspondent** MATTHEW MILLER<br>**Name/Address:** LAW OFFICES OF MATTHEW MILLER<br>755 FRESCA COURT<br>SOLANA BEACH, CALIFORNIA 92075<br>UNITED STATES | |
| **Phone:** 858-755-6688 | |
| **Correspondent e-** matt@millermlaw.com<br>mail: | **Correspondent e-** Yes<br>mail Authorized: |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 05, 2018 | LETTER OF PROTEST ACCEPTED | |
| Aug. 24, 2018 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Aug. 18, 2018 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | |
|---|---|
| **Current Location:** GENERIC WEB UPDATE | **Date in Location:** Oct. 05, 2018 |

**Exhibit B**

# EXHIBIT C





**Exhibit C**

26





**Exhibit C**

27